IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| Patent Group LLC, | § | |
|     Relator | § | |
| | § | |
| v. | § | Civil Action No. 2:10cv385 |
| | § | |
| The Schawbel Corporation, | § | |
|     Defendant | § | Jury Trial Demanded |

## *QUI TAM* COMPLAINT FOR FALSE MARKING

Relator Patent Group, LLC ("Relator"), for its Complaint against The Schawbel Corporation ("Defendant") alleges as follows:

### INTRODUCTION

This is a lawsuit brought under the private attorney general provisions of the patent laws for recovery under Section 292, Title 35 of the United States Code, for penalties payable to the United States for falsely marked products as covered by United States Patents with the intent to deceive others. Defendant has falsely marked its ThermaCELL® Mosquito Repellent devices as protected by a patent that is not in force and does not cover the devices. Defendant has done so with the intent to deceive others and deter them from competing or purchasing competitive products.

A patent monopoly is a powerful exception to the principles of full and fair competition that protect markets, consumers, and competitors upon which the United States economy is based. The patent laws are a complex regulatory scheme, that conflict with antitrust and other laws, which must be balanced to protect the public. As with the antitrust laws, the United States has created a private attorney general system for the detection and enforcement of abuses of parts of the patent laws. Here, Section 292 of the patent laws allows a litigant acting as a private

attorney general to sue in *qui tam* for false marking of a product, with one half of the recovery going to the United States. As a practical matter, the United States has little ability to otherwise police false marking and must rely on private litigant enforcement.

For simple devices or products, often times patents on specific features are the primary or main bar to new competition. Here Defendant has engaged in a pattern and practice of advertising ThermaCELL® Mosquito Repellent devices with an expired patent in violation of Section 292 of Title 35 of the United States Code. Defendant proudly boasts in advertising brochures and its packaging that its ThermaCELL® Mosquito Repellent devices are patented, suggesting that the products so marked are not available from others and/or similar products are an infringement of its patents. Yet at least one patent marked on significant products is not in force and is falsely marked in violation of Title 35, Section 292 of the United States Code.

## THE PARTIES

1. Relator is a limited liability company organized and existing under the laws of the State of Texas.

2. Defendant, The Schawbel Corporation, is a Massachusetts corporation that can be served through its President, William Schawbel, at 26 Crosby Drive, Bedford, MA  01730.

## NATURE OF THE ACTION

3. This is an action for false marking arising under 35 U.S.C. § 292 of the patent laws of the United States.

4. Relator has standing to bring this action under Article III of the United States Constitution and 35 U.S.C. § 292. Under the terms of the statute, "any person" may bring an action for its enforcement. Relator has suffered harm, both individually and as a member of the public. As a member of the public, Relator has suffered the deleterious economic effects caused

by Defendant's conduct which deceives the public and inhibits competition in the marketplace. As an individual, Relator suffered direct economic harm when it purchased Defendant's falsely marked products at artificially inflated prices.  In other words, Defendant's conduct caused Relator to pay more than it should have for Defendant's products.  Furthermore, Relator has standing to bring this claim because the United States has suffered an injury in fact causally connected to Defendant's conduct that is likely to be redressed by this Court.

5. As set forth in detail below, Defendant has violated 35 U.S.C. § 292 (a) by falsely marking and advertising, or causing or contributing to the false marking and advertising of products that list expired patent numbers or claim to be patented.

6. The expiration date of a U.S. Patent is not readily ascertainable by members of the public at the time of the product purchase.  The patent number itself does not provide members of the public with the expiration date of the patent.  Basic information about a patent, such as the filing, issue and priority dates associated with a particular U.S. patent number are available at, for example, the website of the United States Patent and Trademark Office ("USPTO"). However, access to the Internet is necessary to retrieve that information (meaning that a consumer may not have the ability to retrieve the information, especially while he is in a store making a purchasing decision) and even after retrieving that information, it does not include the expiration date of a patent.  Rather, a member of the public must also conduct a burdensome legal analysis, requiring specific knowledge of U.S. Patent laws regarding patent term expiration. Notably, a correct calculation of the expiration date must also account for at least:  a) any term extensions granted by the USPTO, which may or may not be present on the face of the patent, and b) whether or not the patent owner has paid the necessary maintenance fees.

7. Defendant could have no reasonable belief that the products identified below were properly marked. Thus, the false marking was done with the intent to deceive the public by, including, but not limited to, misusing its patent rights to extend the term of its patents and inhibiting competition.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over Relator's false marking claims under 28 U.S.C. §§ 1331 and 1338(a).

9. This Court has personal jurisdiction over Defendant by virtue of, inter alia, Defendant's persistent and continuous contacts with the Eastern District of Texas, including active and regular conduct of business during the relevant time period through its sales in Tyler, Texas.

10. This Court has personal jurisdiction over Defendant because, inter alia, Defendant has violated 35 U.S.C. § 292, and falsely marked, advertised, distributed and sold products in the Eastern District of Texas. Further, on information and belief, Defendant has sold falsely marked ThermaCELL® Mosquito Repellent devices in competition with sellers of competitive products in the Eastern District of Texas. Upon information and belief, such sales by Defendant are substantial, continuous and systematic.

11. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) and 1395(a).

## COUNT I - U.S. PATENT NO. D300,606 - EXPIRED PATENT

12. For this Count, Relator repeats the allegations of Paragraphs 1-11.

13. U.S. Patent No. D300,606 ("the '606 patent"), entitled "Butane Container" issued on April 11, 1989.

14. Defendant marks and advertises, and has marked and advertised, products with the '606 patent number, including, but not limited to, the ThermaCELL® Mosquito Repellent device, depicted at Exhibit "A."

15. Defendant causes or contributes to the marking and advertising, of products with the '606 patent number, including, but not limited to, the products identified in paragraph 14.

16. The '606 patent is an expired patent.

17. Upon information and belief, the '606 patent expired on April 11, 2003.

18. Defendant is a sophisticated company and has many decades of experience applying for, obtaining, maintaining and litigating patents. Defendant also has extensive experience manufacturing products and either marking or not marking them with words or numbers indicating that such products are protected by patents or pending applications.

19. Upon information and belief, Defendant and/or its predecessors (including its patent counsel) received notice that the '606 patent would expire on April 11, 2003.

20. Defendant knew or should have known that the term of the '606 patent expired on April 11, 2003.

21. Defendant does not currently own or have a license to the '606 patent and is not paying maintenance fees to the United States Patent and Trademark Office to maintain the '606 patent.

22. Upon information and belief, Defendant knew or should have known that the '606 patent had already expired at the same time Defendant was marking and advertising products with the '606 patent, including the products identified in Paragraph 14.

23. Defendant knew it did not own or have a license to the '606 patent at the same time Defendant was marking and advertising products with the '606 patent, including the product identified in Paragraph 14.

24. Defendant knows, or at least reasonably should know, that the '606 patent no longer covers the products identified in Paragraph 14, or any products whatsoever.

25. Each offense of false marking caused by Defendant has and continues to deceive the public and deter competition to the financial benefit of Defendant.

26. Defendant could have no reasonable belief that it was proper to mark and advertise products with the expired '606 patent number, and the false marking was done with intent to deceive the public by, including, but not limited to, misusing its patent rights to extend the term of its patent and inhibiting competition.

27. For at least the reasons set forth herein, Defendant has wrongfully and illegally advertised patent rights which it does not possess, and, as a result, has likely benefitted in at least maintaining its market share with respect to the herein described ThermaCELL® Mosquito Repellent devices in the marketplace.

28. For at least the reasons set forth herein, Defendant has wrongfully and illegally advertised patent rights which it does not possess, and, as a result, has likely caused the retail price of its products described herein to be inflated above normal market levels, and has caused Relator, a consumer of Defendant's products, to pay this inflated price.

29. The public deception, and/or competitive harm caused by each of Defendant's false markings has and continues to harm the United States, including Relator, a representative of the public incurring the cost and time associated with this enforcement.

## PRAYER FOR RELIEF

WHEREFORE, pursuant to 35 U.S.C. § 292, Relator respectfully requests:

A. A judgment that Defendant has falsely marked products in violation of 35 U.S.C. § 292;

B. An accounting of the number, sales and revenue of any falsely marked articles not presented at trial;

C. A judgment in favor of Relator that Defendant has falsely marked items in violation of 35 U.S.C. § 292(a)-(b) in the form of a civil fine of $500 per falsely marked article, or an alternative amount, as set by the Court, one-half of any such award to be paid to the United States;

D. An Award of pre-judgment and post-judgment interest on any monetary award;

E. An injunction prohibiting Defendant, and its officers, directors, agents, servants, employees, attorneys, licensees, successors, and assigns, and those in active concert or participation with any of them, from violating 35 U.S.C. § 292(a);

F. An award of attorneys fees, costs, other expenses and an enhancement of damages and penalties; and

G. All other just and equitable relief.

## JURY DEMAND

Relator requests trial by jury on all appropriate issues.

Dated: September 17, 2010

Respectfully submitted,

*/s/ Stafford Davis*
Stafford Davis
*Lead Counsel*
State Bar No. 24054605
sdavis@stafforddavisfirm.com
THE STAFFORD DAVIS FIRM, PC
305 S. Broadway, Suite 406
Tyler, Texas 75702
(903) 593-7000

ATTORNEY FOR RELATOR
PATENT GROUP, LLC